Marcus G-. Christ, J.
This is a motion for a new trial pursuant to section 549 of the Civil Practice Act. At the trial the defendant wife did not contest the plaintiff’s claim of abandonment. The decision granted judgment in favor of the plaintiff and awarded custody of the two children to him upon certain conditions set forth in such decision. The defendant urges the granting of her motion upon the ground that she refrained from offering proof tending to establish justification on her part for leaving the marital home provided her abandonment would not be considered in determining custody of the children. It is her contention that the court’s decision indicates that custody was granted to the plaintiff because of the defendant’s abandonment.
The decision contains no finding which reflects adversely upon the fitness of the defendant to have custody of the children. The decision stated that there was no question as to the compe *988 lency or fitness of either parent to bring up the children. If further noted the children’s affection for and strong attachment to both parents. The court further stated that whether the children lived with their mother or father they would be well supervised and well controlled.
In determining the matter of custody the paramount concern is the best interests of the children. They are entitled to and need a close association with both parents. This was rendered virtually impossible, so far as the plaintiff is concerned, by the defendant’s action in removing the children so far away from their father’s place of residence and employment. Such removal effectively deprived the children of association with their father. It uprooted them from the neighborhood in which they had made their home, where they had been receiving their schooling and where they had their friends. This was not in the best interests of the children. The court, therefore, denies the defendant’s motion for a new trial.
While this motion was pending the plaintiff presented a proposed judgment which was settled on notice to the attorney for the defendant. The latter’s attorney withheld submission of a proposed counterjudgment until the determination of this motion. If the defendant desires to submit a counterjudgment it may be submitted on or before May 4, 1959.